Law Office of Patrick Flanigan                                      Attorney for Plaintiff
By:  Patrick Flanigan
PA Attorney No.:  92794
P.O. Box 42, Swarthmore, PA  19081-0042
Tel:  (484) 904-7795   Email:  Pat@lawofficepf.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | | |
|---|---|---|
| ERNESTO WATTERS § | | |
| 396 Larose Drive § | | |
| Coatesville, PA 19320, § | | CIVIL ACTION |
| Plaintiff, § | | |
| § | | |
| v. § | | NO.:_____ |
| § | | |
| ANIMAS DIABETES CARE, LLC § | | |
| (Animas) § | | JURY TRIAL DEMANDED |
| 200 Lawrence Drive § | | |
| West Chester, PA 19380, § | | |
| Defendant. § | | |

## NOTICE TO PLEAD

You have been sued in court.  If you wish to defend against the claims set forth in the following pages. You must take **action within twenty (20) days** after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, THEN GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

PHILADELPHIA BAR ASSOCIATION
**LAWYER REFERRAL AND INFORMATION SERVICE**
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA, 19107
**TELEPHONE: (215) 238-1701**

If you are looking for an attorney in a county listed below, then contact that county bar association's lawyer referral service (LRS) directly.

- Allegheny County, Pittsburgh: (412) 261-5555
- Beaver County, Beaver: (724) 728-4888
- Berks County, Reading: (610) 375-4591
- Blair County, Hollidaysburg: (814) 693-3090
- Bucks County, Doylestown: (215) 348-9413, (800) 991-9922
- Chester County, West Chester: (610) 429-1500
- Cumberland County, Carlisle: (717) 249-3166
- Dauphin County, Harrisburg,: (717) 232-7536
- Delaware County, Media: (610) 566-6625
- Erie County, Erie: (814) 459-4411
- Lackawanna County, Scranton: (570) 969-9600
- Lancaster County, Lancaster: (717) 393-0737
- Lehigh County, Allentown: (610) 433-7094
- Luzerne County, Wilkes-Barre: (570) 822-6029
- Mercer County, Mercer: (724) 342-3111
- Monroe County, Stroudsburg: (570) 424-7288
- Montgomery County, Norristown: (610) 279-9660
- Northampton County, Easton: (610) 258-6333
- Philadelphia County, Philadelphia: (215) 238-1701
- Washington County, Washington: (724) 225-6710
- Westmoreland County, Greensburg: (724) 834-8490
- York County, York: (717) 854-8755

Law Office of Patrick Flanigan                                                                Attorney for Plaintiff
By:  Patrick Flanigan
PA Attorney No.:  92794
P.O. Box 42, Swarthmore, PA  19081-0042

Tel: (484) 904-7795   Email: Pat@lawofficepf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| ERNESTO WATTERS § | | |
| 396 Larose Drive § | | |
| Coatesville, PA 19320, § | | CIVIL ACTION |
| Plaintiff, § | | |
| § | | |
| v. § | | NO.: |
| § | | |
| ANIMAS DIABETES CARE, LLC § | | |
| (Animas) § | | JURY TRIAL DEMANDED |
| 200 Lawrence Drive § | | |
| West Chester, PA 19380, § | | |
| Defendant. § | | |

## COMPLAINT - CIVIL ACTION

### I.   INTRODUCTION

Ernesto Watters (Plaintiff), alleges violations of and seeks redress of all rights and privileges pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951 et seq. (Race Discrimination) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.* (Age Discrimination). Plaintiff avers, through Patrick Flanigan, Esquire from the Law Office of Patrick Flanigan, as follows:

### II.   PARTIES

1. Ernesto Watters (Plaintiff) is an adult individual who currently resides at 396 Larose Drive, Coatesville, PA 19320. At all times material hereto, Plaintiff was a citizen of the United States, resided in the Commonwealth of Pennsylvania and an employee of Defendant Animas Diabetes Care, LLC.

2. Defendant Animas Diabetes Care, LLC (Defendant Animas) is a name for an entity maintaining an office and conducting business at 200 Lawrence Drive, West Chester, PA 19380 and, at all times material hereto, also transacted business in Chester County, Pennsylvania and employed Plaintiff.

### III. JURISDICTION AND VENUE

3. The above mentioned paragraphs are incorporated as if set forth more fully herein.

4. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq*.

5. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under the laws of the Commonwealth of Pennsylvania and under the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951 et seq.

6. Plaintiff obtains jurisdiction because the demand is in excess of One Hundred Fifty Thousand Dollars ($150,000.00) or as a federal question matter, or both.

7. On March 15, 2011, the Plaintiff exhausted the administrative remedies by submitting a verified complaint to the Pennsylvania Human Relations Commission (PHRC). This verified complaint was dual filed with the Equal Employment Opportunity Commission (EEOC).

8. On or about March 15, 2012, it had been one (1) year since the filing of the PHRC complaint, thus Plaintiff is entitled to bring the claims pursuant to the PHRA against

Defendants.

9. On July 31, 2013, the Plaintiff was issued a <u>Dismissal and Notice of Rights</u> by the EEOC. Defendant Animas and their legal counsel received copies of the EEOC letter.

## IV. **FACTS**

10. Defendant Animas supplies durable medical equipment including insulin pumps.

11. On or about October 21, 2001, Plaintiff was employed by Defendant Animas in a sales position called a: Consumable Sales Representative a/k/a "Inside Sales Worker."

12. At all times material hereto Plaintiff had a better than average attendance and performance record as an Inside Sales Worker.

13. Plaintiff is an African American male and over the age of 40 years.

14. Plaintiff would take telephone orders from customers, which were processed through a computer.

15. Near the end of each customer transaction, the Plaintiff was required to ask each customer if they would like "automatic shipment" refills of their purchases.

16. If the customer responded "yes" for automatic shipments of their purchase, then Plaintiff was required to key into the computer "yes" in the appropriate location on the order form.

17. During November 2010, Plaintiff obtained enough "automatic shipments" to receive a bonus under the commission program.

18. On or about December 30, 2010, Plaintiff was suspended pending an investigation.

19. The investigation alleged that Plaintiff had too many "automatic shipments," so Plaintiff must have engaged in disqualifying conduct (misconduct) under the Animas' Performance and Conduct Standards Policy.

20. The Caucasian Inside Sales Workers, Antoinette Melantonio, Kathy Righti, Jen Lorello,

and Heather Woods, were not investigated when their automatic shipments qualified them for sale bonuses.

21. The younger than 40 year old Inside Sales Workers, Antoinette Melantonio, Kathy Righti, Jen Lorello, and Heather Woods, were not investigated when their automatic shipments qualified them for sale bonuses.

22. Defendant Animus did not find any misconduct, instead concluded that the high volume of automatic shipments suggested fraud because the other Inside Sales Workers did not obtain the same high level of automatic shipments.

23. On or about February 25, 2011, Plaintiff was terminated by Defendant Animas by John McKenzie, Human Resources, and Anna Hoffman, supervisor.

## COUNT I

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RACE DISCRIMINATION

## ERNESTO WATTERS v. DEFENDANT ANIMUS

24. The above mentioned paragraphs are incorporated as if set forth more fully herein.

25. At all times material hereto, Plaintiff has been subjected to adverse employment action by Defendant Animus based on race including, but not limited to, (demotion) termination.

26. It is averred that Defendant Animus instigated knew or should have known of the offensive treatment which created a hostile work environment for Plaintiff.

27. The racial discrimination which Plaintiff seeks to redress constituted employment practices which are made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

28. As a direct and proximate result of Defendant Animus' unlawful employment practices Plaintiff has been deprived of economic benefits including, but not limited to wage loss,

loss of fringe benefits.

29. The above-mentioned acts were willful, wanton, malicious, oppressive and done with reckless disregard for Plaintiff's federally protected rights, therefore justifying the imposition of punitive damages.

30. Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause below.

## COUNT II

### PENNSYLVANIA HUMAN RELATIONS ACT, RACE DISCRIMINATION

### ERNESTO WATTERS v. DEFENDANT ANIMUS

31. The above mentioned paragraphs are incorporated as if set forth more fully herein.

32. At all times material hereto, Plaintiff was subjected to adverse employment action by Defendant Animus based upon race including, but not limited to, termination.

33. The aforementioned discrimination was based solely on Plaintiff's race.

34. It is averred that Defendant Animus knew or should have known of the offensive treatment which created a hostile work environment for Plaintiff.

35. The race discrimination constituted employment practices which are made unlawful by the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.*

36. Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause below.

## COUNT III

### AGE DISCRIMINATION IN EMPLOYMENT ACT

### ERNESTO WATTERS v. DEFENDANT ANIMUS

37. The preceding paragraphs are incorporated as if set forth more fully herein.

38. Plaintiff is protected under the Age Discrimination in Employment Act, 29 U.S.C. § 631(a) insofar as Plaintiff is over forty (40) years of age.

39. Plaintiff avers that he was investigated, suspended, and terminated on the basis of his age in violation of Sections 4(a)(1) and 4(a)(2) of the Age Discrimination in Employment Act, codified at 29 U.S.C. §§ 623(a)(1), and 623(a)(2).

40. Plaintiff further avers that Defendant Animus investigated, suspended, and terminated him on the basis of age in violation of Sections 4(a)(1) and 4(a)(2) of the Age Discrimination in Employment Act, codified at 29 U.S.C. §§ 623(a)(1) and 623(a)(2).

41. Defendant Animus has classified Plaintiff in such a way Plaintiff was deprived of opportunities for employment because of Plaintiff's age.

42. Defendant Animus discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment on the basis of Plaintiff's age in violation of Sections 4(a)(1) and 4(a)(2) of the Age Discrimination in Employment Act, codified at 29 U.S.C. §§ 623(a)(1), and 623(a)(2)..

43. The above-mentioned acts were recklessly indifferent to Plaintiff's federally protected rights and justify the imposition of punitive damages.

44. Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause below.

## COUNT IV

## PENNSYLVANIA HUMAN RELATIONS ACT, AGE DISCRIMINATION

## ERNESTO WATTERS v. DEFENDANT ANIMUS

45. The above mentioned paragraphs are incorporated as if set forth more fully herein.

46. Pursuant to PHRA, 43 P.S. § 954(h), the Defendant Animus has discriminated against the Plaintiff because he is in excess of forty (40) years of age.

47. By investigating, suspending, and terminating the Plaintiff because of age, Defendant Animus has violated the public policy of the Commonwealth of Pennsylvania.

48.     Plaintiff was age-classified by Defendant Animus and was deprived of future job opportunities for because of the age classification.

49.     Defendant Animus discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment because of age.

50.     The above-mentioned acts were recklessly indifferent to Plaintiff's protected rights and justify the imposition of punitive damages.

51.     Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause below.

**WHEREFORE**, Plaintiff avers he was investigated, suspended, and terminated because of race and age motives and demands judgment against Defendant Animus for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violations.  Further, Plaintiff seeks punitive damages plus counsel fees, costs and other relief as deemed appropriate by the Court.

                                                        Respectfully submitted,

Date: October 7, 2013.                                  By:  /s/Patrick Flanigan
                                                             Patrick Flanigan